**ORIGINAL**

# United States District Court

_____ NORTHERN _____ DISTRICT OF _____ TEXAS _____

UNITED STATES OF AMERICA

FILED

JUN 1 1 2008

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

v.                                                    CRIMINAL COMPLAINT

JOSEPH KELLY LARA                          CASE NUMBER: 3-08-MJ-_220_
a/k/a Nick DeAngelis Mancuso
a/k/a J. Kelly Armani

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 16, 2004, in the Northern District of Texas and elsewhere, Defendant

knowingly executed a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of a financial institution by means of false and fraudulent pretenses, representations and promises,

in violation of Title 18, United States Code, Section 1344.

I further state that I am a Special Agent with the Federal Bureau of Investigation ("FBI") and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Timothy Neylan, which is incorporated and made a part hereof by reference.

Signature of Complainant
TIMOTHY NEYLAN
Special Agent, FBI

Sworn to before me and subscribed in my presence, on this 11th day of June 2008 at Dallas, Texas.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Timothy Neylan, being duly sworn, do depose and state the following:

1.     I am a Special Agent with the Federal Bureau of Investigation ("FBI"),
currently assigned to the Dallas, Texas Division.  I have been a Special Agent with the
FBI since 2002.  I am assigned to the White Collar Crime squad, and I investigate
offenses such as wire fraud, mail fraud, bank fraud, and securities fraud.  Before
becoming a Special Agent, I worked in the fields of consulting and auditing, and I have
experience as a Certified Internal Auditor.  I hold a Bachelor of Science degree with a
concentration in Accountancy.

2.     I believe that Joseph Kelly Lara, a/k/a Nick DeAngelis Mancuso, a/k/a J.
Kelly Armani, date of birth XX/XX/1967, social security number XXX-XX-1476 ("the
Defendant") committed bank fraud, in violation of 18 U.S.C. § 1344, on or about
November 16, 2004.  My belief is based upon interviews of witnesses, review of pertinent
documents and records, and information related to me by law enforcement officers and
government agents.

### Victim Bank

3.     First State Bank of Thermopolis, Wyoming ("FSB") is a bank whose
deposits were insured by the Federal Deposit Insurance Corporation at all times relevant
to this Affidavit.

4.      According to B.Y., an officer of FSB, the Defendant applied to FSB for a

loan in or about November 2004.  B.Y. personally dealt with the Defendant in connection

with the loan application, and B.Y. has described a number of representations that the

Defendant made to B.Y. in connection with the Defendant's application for a loan from

FSB, as follows.

### False Name

5.      According to B.Y., the Defendant represented to B.Y. that his name was

Nick Mancuso.  My investigation has revealed, however, that the Defendant's true legal

name is Joseph Kelly Lara.

6.      When I interviewed the Defendant in 2005, he identified himself as Nick

Mancuso, but he admitted that he was formerly known as Joseph Kelly Lara.  The

Defendant claimed that his name was changed legally to Nick Mancuso in Arizona, and

he presented a Texas driver's license bearing his picture and the name Nick Deangelis

Mancuso.

7.      I learned from the Texas Department of Public Safety ("DPS") that the

Defendant obtained the "Mancuso" driver's license by presenting to DPS certain state

court papers from Arizona that purported to reflect a legal change of the Defendant's

name to Nick Deangelis Mancuso.  I obtained a copy of those court papers and inquired

of the court that apparently issued them about their authenticity.  The court reported to me

that the papers were false, and that the court had not issued them.

8.      In 2005, I interviewed "B.C.", a business associate of the Defendant, who then knew the Defendant as Nick Mancuso.  B.C. reported that he previously knew the Defendant as Joseph Kelly Lara when they were incarcerated at the same institution in Arizona.

9.      Records maintained by the National Crime Information Center ("NCIC") reflect that Joseph Kelly Lara was convicted of theft and fraud in Arizona and served a term of imprisonment there.  The NCIC records reflect that Joseph Kelly Lara's birth date is the same birth date that appears on the Texas driver's license issued to Nick Deangelis Mancuso.

### False Professional Credentials

10.      According to B.Y., the Defendant represented to B.Y. that he was an attorney who practiced in the area of securities law.  My investigation has revealed, however, that the Defendant was not an attorney.

11.      When I interviewed the Defendant in 2005, he said that he was not an attorney, and he denied that he had ever claimed to be an attorney.

12.      On the same day that I interviewed the Defendant, however, I visited the offices of a securities brokerage firm that the Defendant was operating in Irving, Texas. The Defendant's associates at the firm showed me the Defendant's personal office, where I observed a framed diploma from the University of Minnesota, purporting to award a law degree to Nick Deangelis Mancuso.  I inquired about the Defendant's receipt of the law

degree, and an employee of the University of Minnesota, after consulting the institution's

records, reported to me that the Defendant never attended the law school at the University

of Minnesota.

## False Statement of Financial Condition

13.    According to B.Y., the Defendant represented to B.Y. that a particular

Certified Public Accountant ("CPA") in Irving, Texas had compiled a Statement of

Financial Condition for the Defendant, and the Defendant gave B.Y. a copy of a

document purporting to be that Statement. My investigation has revealed, however, that

the statement the Defendant provided to B.Y. was a false document, which the CPA did

not prepare or provide to the Defendant.

14.    I interviewed the CPA regarding the Statement of Financial Condition that

the Defendant had provided to B.Y. The CPA confirmed that he knew the Defendant, but

he reported to me that he had never prepared a Statement of Financial Condition for the

Defendant. The CPA said that the statement that the Defendant provided to FSB,

purporting to have been prepared by the CPA, was false.

## False Investments

15.    By way of the false Statement of Financial Condition, the Defendant

represented to FSB that his investments through a particular Dallas investment adviser

firm had a value of $3 million. My investigation has revealed, however, that the

Defendant held no investments or accounts at that firm.

**Affidavit in Support of Complaint - Page 4**
**United States v. Joseph Kelly Lara**

16.    I have interviewed senior managers at the investment adviser firm, and they reported that they had met with the Defendant.  They further reported, however, that the firm had never opened any accounts for the Defendant or held any investments for him.

### Loan

17.    Based in part on those false and fraudulent representations, FSB made judgments about the Defendant's credit worthiness and granted him a loan in the principal amount of $35,000.

18.    On or about November 16, 2004, FSB wire-transferred $35,000 to the bank account of an automobile dealership in Mesquite, Texas, as directed by the Defendant, for the Defendant to purchase a Ford Expedition automobile.

19.    The Defendant explained to B.Y. that "P.T.", the Defendant's business associate at the securities brokerage firm in Irving, Texas, would be driving the Ford Expedition.  B.Y. was acquainted with P.T. and knew him to be the Defendant's business partner in the securities brokerage firm.

20.    The Defendant failed to repay the loan to FSB, and FSB suffered a substantial financial loss as a result.

21.    Based on the above, I believe that the Defendant committed bank fraud, in violation of 18 U.S.C. § 1344, on or about November 16, 2004.

TIMOTHY NEYLAN
Special Agent
Federal Bureau of Investigation
Dallas, Texas

Sworn to and subscribed before me this 11th day of June 2008.

HONORABLE JEFF KAPLAN
United States Magistrate Judge