ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **3-08 CR 230 D** |
| v. | § | No. |
| | § | |
| JOSEPH KELLY LARA | § | |
| a/k/a Nick Deangelis Mancuso (1) | § | |
| a/k/a J. Kelly Armani | § | |

## INDICTMENT

The Grand Jury Charges:

### Counts One and Two
### Wire Fraud
### (Violations of 18 U.S.C. § 1343)

1.    From in or about the summer of 2004 and continuing until on or about

December 21, 2004, in the Dallas Division of the Northern District of Texas and

elsewhere, the defendant, **Joseph Kelly Lara a/k/a Nick Deangelis Mancuso a/k/a J.**

**Kelly Armani** ("the Defendant") knowingly and with intent to defraud devised a scheme

and artifice to defraud the First State Bank of Thermopolis, Wyoming ("FSB") and to

obtain money and property from FSB by means of materially false and fraudulent

pretenses, representations, and promises.

2.    At all times relevant to this Indictment, FSB was a financial institution, the

deposits and accounts of which were insured by the Federal Deposit Insurance

Corporation.

<u>Manner and Means</u>

3.      As part of the scheme and artifice, the Defendant would and did:

   a.  Operate a business called Atlantic Equity Investments, LLC

("Atlantic"), which purported to be a securities firm, and which had offices in Irving,

Texas, in the Northern District of Texas;

   b.  Cause Atlantic to maintain one or more accounts at banks including

Chase Bank, NA in Irving, Texas in the Northern District of Texas;

   c.  Meet with an officer of FSB at Atlantic's offices in Irving, Texas, in

the Northern District of Texas;

   d.  Falsely represent to an officer of FSB that he was an attorney

specializing in securities law, when in fact he was not an attorney;

   e.  Falsely represent to an officer of FSB that he had been associated

with the Wall Street securities firm Goldman, Sachs & Co., when in fact he had never

been associated with that firm or any Wall Street securities firm;

   f.  Represent to an officer of FSB that his name was "Nick Mancuso,"

rather than his true name, which was Joseph Kelly Lara, thereby concealing the fact that,

as Joseph Kelly Lara, he had been convicted of fraud and theft in Arizona and had served

a term of imprisonment;

g.    Submit to FSB a forged Statement of Financial Condition, purporting to have been prepared by a certified public accountant, which falsely represented the Defendant's net worth to be more than $18 million;

h.    Apply for and obtain loans from FSB based on materially false and fraudulent pretenses, representations, and promises;

i.    Cause loan proceeds from FSB to be wire-transferred to the account of a car dealership at a bank in Mesquite, Texas, in the Northern District of Texas, for the purchase of a vehicle to be used by a person associated with Atlantic;

j.    Cause loan proceeds from FSB to be wire-transferred to a bank account held by Atlantic and controlled by the Defendant at Chase Bank, NA in Irving, Texas in the Northern District of Texas; and

k.    Take and use the proceeds of loans made by FSB for his own use and benefit and that of his associates.

<u>Wire Transmissions</u>

4.    On or about each of the dates set forth below, in the Dallas Division of the Northern District of Texas and elsewhere, the Defendant, for the purpose of executing the aforesaid scheme and artifice, did knowingly and with the intent to defraud cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds through and to the Northern District of Texas, each such transmission constituting a wire transfer of loan proceeds from FSB in Wyoming in

    *United States v. Lara*

approximately the amount set forth below, and each such transmission constituting a

separate count of this Indictment:

| Count | Date | Amount | Recipient |
|-------|------|--------|-----------|
| 1 | November 16, 2004 | $35,145 | Town East Ford<br>Chase Bank, NA<br>Account No. #######8366<br>Mesquite, Texas |
| 2 | December 21, 2004 | $170,000 | Atlantic Equity Investments, LLC<br>Account No. ########8565<br>Chase Bank, NA<br>Irving, Texas |

Each in violation of 18 U.S.C. § 1343.

Counts Three and Four
Bank Fraud
(Violations of 18 U.S.C. § 1344)

1.    At all times relevant to this Indictment, First State Bank of Thermopolis, Wyoming ("FSB") was a financial institution, the deposits and accounts of which were insured by the Federal Deposit Insurance Corporation.

2.    From in or about the summer of 2004 and continuing until on or about December 21, 2004, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Joseph Kelly Lara a/k/a Nick Deangelis Mancuso a/k/a J. Kelly Armani** ("the Defendant"), knowingly and with intent to defraud, attempted to execute and did execute a scheme and artifice to defraud FSB and to obtain money and funds owned by and under the custody and control of FSB by means of materially false and fraudulent pretenses, representations, and promises.

Manner and Means

3.    The Grand Jury hereby adopts, re-alleges, and incorporates herein by reference all allegations set forth in the "Manner and Means" section of Counts One and Two of this Indictment.

<u>Execution</u>

4.      On or about each of the dates set forth below, in the Dallas Division of the

Northern District of Texas and elsewhere, the Defendant, knowingly and with intent to

defraud, attempted to execute and did execute the aforementioned scheme and artifice by

obtaining a loan from FSB in the amount set forth below, based on the materially false

and fraudulent pretenses, representations and promises described above under "Manner

and Means."

| <u>Count</u> | <u>Date</u> | <u>Amount</u> |
|---|---|---|
| 3 | November 16, 2004 | $35,145 |
| 4 | December 21, 2004 | $170,000 |

Each in violation of 18 U.S.C. § 1344.

Count Five
Bank Fraud
(Violation of 18 U.S.C. § 1344)

1.      At all times relevant to this Indictment, Compass Bank in Dallas, Texas in the Northern District of Texas ("Compass Bank") was a financial institution, the deposits and accounts of which were insured by the Federal Deposit Insurance Corporation.

2.      On or about December 16, 2004, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Joseph Kelly Lara a/k/a Nick Deangelis Mancuso a/k/a J. Kelly Armani**, knowingly and with intent to defraud, attempted to execute and did execute a scheme and artifice to defraud Compass Bank and to obtain money and funds owned by and under the custody and control of Compass Bank by means of materially false and fraudulent pretenses, representations, and promises, by presenting and depositing, and causing to be presented and deposited, into an account held and controlled by the Defendant at Compass Bank a check for $200,000, well knowing and intending that the bank account against which the check was drawn held insufficient funds to cover the check, and that, by presenting and depositing the check, and causing it to be presented and deposited, he would and did defraud and obtain money from Compass Bank.

In violation of 18 U.S.C. § 1344.

<u>Count Six</u>
Forfeiture Allegation
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction for any of the offenses alleged in Counts One through Five of this Indictment, the defendant, **Joseph Kelly Lara a/k/a Nick Deangelis Mancuso a/k/a J. Kelly Armani**, shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the respective offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in combination with 28 U.S.C. § 2461, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

*United States v. Lara*

A TRUE BILL

FOREPERSON

RICHARD B. ROPER
UNITED STATES ATTORNEY

ALAN M. BUIE
Assistant United States Attorney
Texas State Bar No. 00783751
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone: 214.659.8640
Facsimile: 214.767.4104
alan.buie@usdoj.gov

*United States v. Lara*

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DIST. OF TEXAS
FILED

JUL 23

CLERK, U.S. DISTRICT COURT

By _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

3-08CR 230 D

JOSEPH KELLY LARA
aka "Nick Deangelis Mancuso"
aka "J. Kelly Armani"

---

### INDICTMENT

18 U.S.C. § 1343
Wire Fraud

18 U.S.C. § 1344
Bank Fraud

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)
Forfeiture Allegation

6 Counts

---

A true bill rendered

---

DALLAS                                          FOREPERSON

Filed in open court this _23_ day of JULY 2008.

---

                                                        Clerk
DEFENDANT IN CUSTODY
---
UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE
Criminal Complaint Pending : 3:08-MJ-220

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

ORIGINAL

| Related Case Information |
|---|
| Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☐ Yes ☒ No |
| Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number |
| Search Warrant Case Number _____ |
| R 20 from District of _____ |
| Magistrate Case Number: 3:08-MJ-220 |

RECEIVED
JUL 23 2008
CLERK, U.S. DISTRICT C
NORTHERN DISTRICT

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes ☒ No

   Defendant Name _____ **JOSEPH KELLY LARA**

   Alias Name   aka "Nick Deangelis Mancuso"; aka "J. Kelly Armani"

   Address   _____

   County in which offense was committed:   Dallas

2. **U.S. Attorney Information**

   Alan M. Buie   Bar # 00783751

3. **Interpreter**

   ☐ Yes ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status**

   ~~Issue Arrest Warrant~~   ab

   ☒ Already in Federal Custody
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  6   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 1, 2 |
| 18 U.S.C. § 1344 | Bank Fraud | 3 - 5 |
| 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) | Forfeiture Allegation | 6 |

Date  21 July 08   Signature of AUSA: _____