IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:08-CR-230-D |
| JOSEPH KELLY LARA a/k/a Nick DeAngelis Mancuso | § § § | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Joseph Kelly Lara ("the Defendant"), James G. Walker, attorney for the Defendant, and the United States of America ("the government") agree as follows:

1. **Rights of the defendant:** The Defendant understands he has the rights:

    a. to plead not guilty;
    b. to have a trial by jury;
    c. to have his guilt proven beyond a reasonable doubt;
    d. to confront and cross-examine witnesses and to call witnesses in his defense; and
    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** The Defendant waives these rights and pleads guilty to securities fraud, a violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, as alleged in Count Three of the Superseding Indictment. The Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the Factual Resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 20 years;

   b. a fine equal to the greatest of $250,000, or twice any pecuniary gain to the defendant, or twice any pecuniary loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("the guidelines"). The guidelines are not binding on the Court, but are advisory only. The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The Defendant will not be allowed to withdraw his plea if his sentence is more severe than he expected. The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** The Defendant agrees to pay to the U.S. District Clerk the amount of $100 prior to sentencing, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** The Defendant shall give truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Forfeiture of property:** The Defendant agrees to forfeit all right, title, and interest in the following property to the United States of America:

- Toshiba laptop computer, serial Y3087166H;
- Maxent 42" Plasma Television, model MX-42VM10, serial no. 4327D505558;
- HP Jornada Pocket PC, serial no. SG12703813;
- HP Pavillion CPU, model ZE5700, serial no. CNF422OHK2;
- Apple IPOD, serial no. JQ446K5GPFW; and
- Western Digital 400 Enhanced Hard Drive, serial no. WMAD14344271.

The Defendant agrees the above-described property was derived from proceeds traceable to the securities fraud scheme alleged in Count Three of the Superseding Indictment. The Defendant forfeits the above-described property to the United States of America as a result of his conviction for that offense and pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c). The Defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding the forfeiture

proceedings, including notice of the forfeiture in the Superseding Indictment. The Defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence that may be imposed in this case and waives any requirement of the Court to advise him of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The Defendant agrees to provide truthful information and evidence necessary for the Government to effect the forfeiture of the above-described property. The Defendant waives all challenges (constitutional, statutory, habeas, etc.) to the forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the above-described property.

8. **Government's agreement:** The government will not bring any additional charges against the Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the original Indictment and the Superseding Indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

9. **Violation of agreement:** The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of which it has knowledge. In such event, the Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the Defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence:** The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The Defendant does, however, reserve the rights: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of his plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel:** The Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with his legal representation. The Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[BLANK SPACE]

14. **Limitation of agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the Defendant or any property.

AGREED TO AND SIGNED this 27 day of May 2009.

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

_____
ALAN M. BUIE
Assistant United States Attorney
Texas State Bar No. 00783751
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8640
Fax: 214.767.4104
alan.buie@usdoj.gov

_____
JOSEPH KELLY LARA
Defendant

_____
JAMES G. WALKER
Attorney for Defendant

I have read or have had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     5-27-09
JOSEPH KELLY LARA                                  Date
Defendant

I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     5-27-09
JAMES G. WALKER                                    Date
Attorney for Defendant