AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 1    TXND Mod - 09/28/04

# United States District Court

                        Northern    District of    Texas - Dallas Division

UNITED STATES OF AMERICA            JUDGMENT IN A CRIMINAL CASE
        V.

**JOSEPH KELLY LARA**              Case Number: **3:08-CR-230-D(01)**

                                    USM Number: **88585-008**

        3:08-CR-230-D(01)            **James G. Walker**
                                     Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count(s)   **3 of the superseding Indictment filed on May 6, 2009.**

[ ] pleaded nolo contendere to count(s) _____
    which was accepted by the court.

[ ] was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 USC §§ 78j(b) & 78ff | Securities Fraud | January 7, 2005 | 3 |

    The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[✓] **original indictment and counts 1, 2, and 4 through 10 of the superseding indictment.**    [ ] is  [✓] are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

                                November 13, 2009
                                Date of Imposition of Judgment

                                _[signature]_
                                Signature of Judge

                                **SIDNEY A. FITZWATER**
                                **CHIEF JUDGE**
                                Name and Title of Judge

                                November 13, 2009
                                Date

AO 245B  (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: **JOSEPH KELLY LARA**
CASE NUMBER: **3:08-CR-230-D(01)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **two hundred forty (240) months.**

**It is ordered that the sentence shall run consecutively to any sentences imposed in Case No. J-0206-TR-933924, pending in Cochise County Justice Court, Bowie, Arizona, and Case No. 43769, pending in the 336th Judicial District Court of Fannin County, Texas.**

[✓] The court makes the following recommendations to the Bureau of Prisons:

   **that the defendant be assigned to FCI-Seagoville, if eligible.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _____ on _____ .
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: **JOSEPH KELLY LARA**
CASE NUMBER: **3:08-CR-230-D(01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

 The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

 If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: JOSEPH KELLY LARA
CASE NUMBER: 3:08-CR-230-D(01)

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $1,058,365.06, jointly and severally with Brett Clarke, defendant in Criminal No. 3:09-CR-129-L, payable to the United States District Clerk for disbursement to: John B. Aflatouni, in the sum of $76,174.18, Anthony Mark Alcedo, in the sum of $116,739.00, Stacey Brooks, in the sum of $31,500.00, Bobby and Michelle Culberson, in the sum of $7,700.00, James and Loretta Deline, in the sum of $97,574.19, John Forster, in the sum of $42,500.00, Bridget Latrice Paul, in the sum of $7,000.00, Kenneth Shoquist, in the sum of $170,000.00, Razia Anila Simon, in the sum of $49,000.00, Richard Soto, in the sum of $8,725.00, Dennis and Elizabeth Strausbaugh, in the sum of $100,000.00, Compass Bank, in the sum of $181,043.77, and Bank of Wyoming f/k/a First State Bank, in the sum of $170,408.92. Restitution shall be payable immediately, and any remaining balance shall be payable during incarceration. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100 per month until the restitution is paid in full. It is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

The defendant shall provide to the U.S. Probation Officer any requested financial information.

The defendant shall not enter into any self-employment while under supervision without prior approval of the U.S. Probation Officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties    TXND Mod 2 - 09/28/04

Judgment — Page  5  of  7

DEFENDANT: **JOSEPH KELLY LARA**
CASE NUMBER: **3:08-CR-230-D(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0      | $ 1,058,365.06  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|
| ANTHONY MARK ALCEDO | $116,739.00 | |
| BANK OF WYOMING F/K/A FIRST STATE BANK | $170,408.92 | |
| BOBBY AND MICHELLE CULBERSON | $7,700.00 | |
| JOHN B. AFLATOUNI | $76,174.18 | |
| BRIDGET LATRICE PAUL | $7,000.00 | |
| COMPASS BANK | $181,043.77 | |
| DENNIS AND ELIZABETH STRAUSBAUGH | $100,000.00 | |
| JAMES AND LORETTA DELINE | $97,574.19 | |
| JOHN FORSTER | $42,500.00 | |
| KENNETH SHOQUIST | $170,000.00 | |
| RAZIA ANILA SIMON | $49,000.00 | |
| RICHARD SOTO | $8,725.00 | |
| STACEY BROOKS | $31,500.00 | |

TOTALS                                       $ 1,058,365.06

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.
   ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments   TXND Mod 1 - 09/28/04

Judgment — Page  6  of  7

**DEFENDANT: JOSEPH KELLY LARA**
**CASE NUMBER: 3:08-CR-230-D(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [✓]  Lump sum payment of $ __100.00__ due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B  [ ]  Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [✓]  Special instructions regarding the payment of criminal monetary penalties:

   **Restitution shall be payable immediately, and any remaining balance shall be payable during incarceration. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100 per month until the restitution is paid in full.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
   Joseph Kelly Lara    3:08-CR-230-D(01)
   Brett Clarke         3:09-CR-129-L(01)

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: JOSEPH KELLY LARA
CASE NUMBER: 3:08-CR-230-D(01)

Judgment—Page 7 of 7

# ADDITIONAL FORFEITED PROPERTY

It is ordered, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that the following property is forfeited to the United States by the defendant:

a. Toshiba laptop computer, serial Y3087166H;

b. Maxent 42" Plasma Television, model MX-42VM10, serial no. 4327D505558;

c. HP Jornada Pocket PC, serial no. SG12703813;

d. HP Pavillion CPU, model ZE5700, serial no. CNF422OHK2;

e. Apple IPOD, serial no. JQ446K5GPFW; and

f. Western Digital 400 Enhanced Hard Drive, serial no. WMAD14344271.